Forrest, K.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO et al., <br><br> Plaintiffs, <br><br> - against - <br><br> BANK OF AMERICA, N.A. (as Trustee Under Various Pooling and Servicing Agreements) and U.S. BANK NATIONAL ASSOCIATION (as Trustee Under Various Pooling and Servicing Agreements), <br><br> Defendants. | CASE NO. 1:12-CV-02865-KBF <br><br> CASE NO. 1:13-CV-05978-KBF (consolidated) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 1 0 2014

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

WHEREAS two putative class actions are pending before the Court, respectively entitled *Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of America, NA (as Trustee Under Various Pooling and Serving Agreements), and U.S. Bank National Association (as Trustee Under Various Pooling and Servicing Agreements)* (case number 1:12-CV-02865-KBF); and *Vermont Pension Investment Committee and Washington State Investment Board, Individually and on Behalf of All Others Similarly Situated v. Bank of America, National Association and U.S. Bank National Association* (case number 1:13-CV-05978-KBF);

WHEREAS the two cases have been consolidated through summary judgment under case number 1:12-CV-02865-KBF (collectively, the "Action");

WHEREAS the Court has reviewed the Stipulation of Settlement dated as of November 7, 2014 (together with its exhibits, the "Stipulation") that has been executed by the Parties and the papers filed and arguments made in connection therewith; and

WHEREAS Plaintiffs have moved pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement in accordance with the terms and conditions of the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The definitions in the Stipulation are incorporated herein by reference. All capitalized terms used but not defined herein have the meanings set forth in the Stipulation.

2. The Court preliminarily approves the Stipulation and the Settlement embodied therein, subject to further consideration at the Final Approval Hearing.

3. The Final Approval Hearing shall be held on March 12, 2015 at 1-2 p.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007-1312, to determine whether the proposed Settlement of the Action on the terms and conditions set forth in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved; whether the proposed Judgment Order attached as Exhibit A-4 hereto should be entered; whether the proposed Plan of Allocation should be approved; whether and in what amounts Litigation Expenses and attorneys' fees should be awarded to Plaintiffs' Counsel;

2

and any other matters that may properly be brought before the Court in connection with the Settlement. The Court may reschedule the Final Approval Hearing without further notice to Settlement Class members.

    4.        Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlement and for no other purpose, a Settlement Class consisting of Plaintiffs and every other person and entity that purchased or otherwise acquired any of the Certificates at any time (including but not limited to any beneficial owners), and that

        (i)        sold or otherwise disposed of the Certificates as of November 7, 2014, or

        (ii)        did not sell or otherwise dispose of the Certificates as of November 7, 2014, but suffered an Out-Of-Pocket Loss on an investment in a Certificate as of such date;

*provided, however*, that the Settlement Class shall not include (a) Defendants, JPMorgan Chase & Co., Washington Mutual Bank, and their respective parents, subsidiaries, and affiliates other than Investment Vehicles; (b) the FDIC as a potential successor to Washington Mutual Bank; (c) the named plaintiffs set forth in the July 16, 2014 Amended Complaint in the derivative action entitled *BlackRock Allocation Target Shares: Series S Portfolio et al. v. U.S. Bank National Association*, Index No. 651864/2014 (N.Y. Sup. Ct. N.Y. Cnty.); and (d) any person or entity that submits a valid and timely request for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

    5.        Pursuant to Rule 23 of the Federal Rule of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlement and for no other purpose, Plaintiffs Policemen's Annuity and Benefit Fund of the City of Chicago; Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity; Iowa Public Employees' Retirement System; Arkansas Public Employees' Retirement System; Vermont Pension Investment Committee; Washington State Investment Board; Arkansas Teacher Retirement System; Public Employees' Retirement

3

System of Mississippi; City of Tallahassee Retirement System; and Central States, Southeast and Southwest Areas Pension Fund as representatives for the Settlement Class, and appoints Plaintiffs' Counsel Scott+Scott, Attorneys at Law, LLP; Cohen Milstein Sellers & Toll PLLC; and Kessler Topaz Meltzer & Check LLP as Class Counsel for the Settlement Class. Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6. With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement and for no other purpose, that (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Action would be impracticable; (ii) there are questions of law and fact common to the Settlement Class that predominate over individual questions; (iii) the claims of Plaintiffs are typical of the claims of the Settlement Class; (iv) Plaintiffs and Class Counsel can fairly and adequately represent and protect the interests of Settlement Class members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of the Settlement Class members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class members, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of a class action.

7. The Court approves, as to form and content, the Notice, the Proof of Claim Form, and the Publication Notice attached hereto as Exhibits A-1, A-2 and A-3, respectively. The Court finds that the mailing and distribution of the Notice and the publication of the Publication Notice, substantially in the manner set forth below, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and constitute the best and most reasonable notice practicable under the circumstances.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court appoints Kurtzman Carson Consultants LLC ("Claims Administrator") to supervise and administer the notice procedure as well as to process the claims set forth on Proof of Claim Forms. The following actions shall be taken, without exclusion of other actions required by the Stipulation in connection with the notice, claims administration, and claims payment process:

(i) Commencing no later than __12/16__, 2014, Plaintiffs' Counsel shall cause copies of the Notice and the Proof of Claim Form, substantially in the forms attached as Exhibits A-1 and A-2 hereto, respectively, to be sent to all Settlement Class members that can be identified with reasonable effort, in accordance with the provisions governing the mailing of Notice and of the Proof of Claim Form that are set forth in the Stipulation;

(ii) No later than __12/31__, 2014, Plaintiffs' Counsel shall cause the Publication Notice to be published once in *Investor's Business Daily* and transmitted over *Business Wire*;

(iii) No later than __12/31__, 2014, Plaintiffs' Counsel shall cause the Stipulation, the Notice, and the Proof of Claim Form to be posted on the Claims Administrator's website, and to remain there through the date of the Final Approval Hearing;

(iv) No later than __12/31__, 2014, counsel for U.S. Bank shall cause the Stipulation, the Notice, and the Proof of Claim Form to be posted on the U.S. Bank Trust Investor website, and to remain there through the date of the Final Approval Hearing; and

(v) No later than __12/31__, 2015, Plaintiffs' Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

9. Not later than ten (10) days after the Stipulation was filed with the Court, Defendants shall provide notice of the proposed Settlement to appropriate federal and state

officials to the extent required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"). Not later than __1/24__, 2015, Defendants shall file with the Court an affidavit or declaration showing timely compliance with any applicable CAFA notice directive.

10. Nominees that purchased or otherwise acquired any of the Certificates for the beneficial interest of any person or entity other than themselves shall send the Notice and the Proof of Claim Form to the beneficial owners of such Certificates within 10 days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within 10 days after receipt thereof, in which event the Claims Administrator promptly shall mail the Notice and the Proof of Claim Form to such beneficial owners. Upon full compliance with this Order, nominees may seek reimbursement from the Settlement Fund for their reasonable and properly documented out-of-pocket expenses incurred in forwarding the Notice and the Proof of Claim Form to beneficial owners, subject to further order of the Court with respect to any disputes concerning such reimbursement.

11. All Settlement Class members shall be bound by all determinations and judgments in the Action pursuant to or concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

12. Any Settlement Class member that wishes to be eligible to receive a payment from the Settlement Fund must complete and submit a Proof of Claim Form in accordance with the instructions contained therein and in the Notice. Unless the Court orders otherwise, all Proof of Claim Forms must be submitted no later than __4/20__, 2015. If a Proof of Claim Form is submitted by first-class mail, it shall be deemed submitted on the date of the postmark. Otherwise, it shall be deemed submitted when received by the Claims Administrator. Any Settlement Class member that does not timely submit a valid Proof of Claim Form or whose Proof of Claim Form is not otherwise approved by the Court shall be barred from sharing in the distribution of the Net Settlement Fund but, unless the Settlement Class member excludes himself, herself, or itself from the Settlement Class, otherwise shall be bound by the terms of the Settlement and of any judgment in the Action with respect to the Settlement.

13. Any person or entity that desires to request exclusion from the Settlement Class shall do so in the manner described in the Notice such that the request for exclusion is received by the Claims Administrator no later than __2/11__, 2015. The Claims Administrator shall transmit electronic copies of each request for exclusion, and any accompanying documentation, to the Parties' counsel (at the e-mail addresses set forth in the Stipulation) expeditiously, and in no event more than five calendar days after receipt.

14. All persons and entities that submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, and shall not share in the distribution of the Net Settlement Fund.

15. Any Settlement Class member may enter an appearance in the Action at the Settlement Class member's own expense, individually or through counsel of the Settlement Class member's choice by filing with the Clerk of the Court and delivering a notice of appearance to counsel for Plaintiffs and counsel for Defendants no later than __2/11__, 2015 in the manner described in the Notice. If a Settlement Class member does not enter an appearance, the Settlement Class member shall be deemed represented by Class Counsel.

16. Any Settlement Class member may appear and show cause why the proposed Settlement should or should not be approved as fair, reasonable and adequate; why the Judgment Order should or should not be entered; why the Plan of Allocation should or should not be approved or modified; or why Litigation Expenses and/or attorneys' fees should or should not be awarded to Class Counsel in any specific amount or at all; *provided, however*, that no Settlement Class member shall be heard or entitled to contest the approval of the proposed Settlement, of the Judgment Order, of the Plan of Allocation, or of any application for Litigation Expenses or attorneys' fees unless such Settlement Class member has filed said objection (together with supporting briefs and any other supporting papers) with the Clerk of the United States District Court for the Southern District of New York no later than __2/11__, 2015, and delivered copies of all such documents to the following counsel on or before the same date:

*Counsel for Plaintiffs:*

Deborah Clark-Weintraub
Max R. Schwartz
Scott+Scott, Attorneys at Law, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, New York  10174
(212) 223-6444; (212) 223-6334 (fax)
dweintraub@scott-scott.com
mschwartz@scott-scott.com

Julie Goldsmith Reiser
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W., #500
Washington, D.C.  20005
(202) 408-4600; (202) 408-4699 (fax)
jreiser@cohenmilstein.com

Andrew L. Zivitz
Sharan Nirmul
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Road
Radnor, Pennsylvania  19087
(610) 667-7706; (610) 667-7056 (fax)
azivit@ktmc.com
snirmul@ktmc.com

*Counsel for Defendant Bank of America, N.A.*

Marc T.G. Dworsky
James C. Rutten
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071-1560
(213) 683-9100; (213) 687-3702 (fax)
marc.dworsky@mto.com
james.rutten@mto.com

- and -

David F. Graham
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000; (312) 853-7036 (fax)

dgraham@sidley.com

*Counsel for Defendant U.S. Bank National Association*:

Michael S. Kraut
John M. Vassos
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0600
(212) 309-6000; (212) 309-6001 (fax)
mkraut@morganlewis.com
jvassos@morganlewis.com

Any Settlement Class member that does not make his, her, or its objection in the manner provided above and in accordance with the requirements set forth in the Notice shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, of the Judgment Order, of the Plan of Allocation, or of any award of Litigation Expenses or attorneys' fees.

17. All funds in the Escrow Account shall be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the funds are disbursed pursuant to the Stipulation and/or further order of the Court.

18. All papers in support of final approval of the Settlement, the Plan of Allocation, and any application for Litigation Expenses or attorneys' fees shall be filed and served on or before __1/30__, 2015. Reply papers, if any, shall be filed and served no later than __3/4__, 2015.

19. None of the Released Parties shall have any responsibility for, or liability relating to: (i) the provision of Notice or the publication of the Publication Notice; (ii) the establishment or administration of the Plan of Allocation; (iii) the establishment, maintenance, administration, or distribution of the Settlement Fund, the Net Settlement Fund, or the Escrow Account (other than BANA's obligation to deposit the Settlement Fund into the Escrow Account and other than Defendants' rights pertaining to Tax Costs and to Notice and Administration Costs in excess of $500,000 as set forth in the Stipulation); (iv) the allocation of any award of attorneys' fees or Litigation Expenses; (v) the receipt, review, determination, approval, disapproval,

administration, calculation, or payment of claims on Proof of Claim Forms; (vi) the payment or withholding of Taxes or Tax Costs; (vii) the administration of the Settlement; or (viii) any losses incurred by any person or entity in connection with any of the foregoing matters.

20. Notice and Administration Costs and Tax and Tax Costs shall be paid as set forth in the Stipulation.

21. The fact and terms of the Stipulation, any act performed or document signed in connection with the Settlement, and all negotiations, discussions, drafts, and proceedings in connection with the Settlement, (i) shall not be offered as evidence of, or construed as, any admission, concession, or presumption with respect to the truth or falsity of any fact alleged by Plaintiffs, the validity or infirmity of any Claim asserted by Plaintiffs, or the validity or infirmity of any defense asserted by Defendants; (ii) shall not be offered as evidence of, or construed as, any admission, concession, or presumption of any liability, wrongdoing, or fault of any kind on the part of any of the Released Parties; (iii) shall not be offered as evidence, or construed as, any admission or concession of any lack of merit in any aspect of the Claims asserted in the Action by any of the Releasing Parties; and (iv) shall not be offered into evidence, or otherwise referred to, in any proceeding or forum as against any of the Parties or the Released Parties, except in connection with proceedings to enforce the terms of the Stipulation or of any judgment in the Action (including proceedings before or after the Effective Date to dismiss or stay any action asserting any of the Subject Claims); *provided, however*, that any of the Released Parties may file the Stipulation and/or any judgment in the Action in any proceeding to support an argument, defense, or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar argument, defense, or counterclaim.

22. If the Settlement is terminated or the Effective Date otherwise does not occur, (i) the terms of the Stipulation and the Settlement shall be null and void except as provided in the Stipulation; (ii) the Settlement Fund, plus any interest earned or appreciation thereon, less any Taxes paid or due with respect to such income or appreciation, and less Notice and

Administration Costs and Tax Costs paid or payable, shall be returned to BANA within 15 business days after termination or the event that causes the Effective Date not to occur; (iii) the Parties shall be deemed to have reverted to the positions they occupied in the Action as of June 5, 2014; and (iv) the Stipulation and the facts of the Settlement shall not be admissible for any purpose except as provided in the Stipulation.

23.  Pending final approval by the Court of the Stipulation, all proceedings in this Action shall be stayed and Plaintiffs shall be barred and enjoined from prosecuting any of the Subject Claims against any of the Released Parties.

24.  The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: 11/10/14

_____
THE HONORABLE KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE